IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA STURMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>HIPR PACSOFT TECHNOLOGIES, INC., HUDSON, BING-YU HSIEH, and VICTORIA CLAIRE CHEN,<br>    Defendants. | Civil Action No. 22-995 |

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the Motion to Dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(1), or, Alternatively to Transfer Venue Pursuant to 28 U.S.C. § 1404 (ECF No. 12) filed by Defendants HIPR Pacsoft Technologies, Inc. ("HIPR") and Hudson, a Professional Corporation, t/d/b/a Hudson Legal ("Hudson") (the "Corporate Defendant")[1] be granted in part and denied in part without prejudice.

**II.    REPORT**

  **A.    Relevant Procedural History**

Plaintiff Joshua Sturman filed a complaint alleging a claim of retaliation under the Fair Labor Standards Act of 1983, 29 U.S.C. § 201 *et seq.* ("FLSA"), against two staffing companies,

---

[1] The Motion to Dismiss asserts that "HIPR PACSOFT TECHNOLOGIES, INC., and HUDSON, a Professional Corporation t/d/b/a Hudson Legal, have merged and formed a single entity, Hudson Institute of Process Research Incorporated." (ECF No. 12 at 1, n.1.; *see also* ECF No. 13-6 (Certificate of Merger).)  The Court takes judicial notice of this merger, which is reflected in the State of Michigan's Department of Licensing and Regulatory Affairs, *see* https://cofs.lara.state.mi.us/SearchApi/Search/Search.  Based on those records, HIPR PACSOFT TECHNOLOGIES, INC. changed its name to HUDSON INSTITUTE OF PROCESS RESEARCH INCORPORATED on March 23, 2022.  Then on July 13, 2022, HUDSON A PROFESSIONAL CORPORATION merged into HUDSON INSTITUTE OF PROCESS RESEARCH INCORPORATED.  The Court does not make any decision as to if and how this merger affects the claims at issue, but instead makes note of this merger to refer to entity defendants as the "Corporate Defendant" in the singular in the interest of consistency.

HIPR Pacsoft Technologies, Inc. and Hudson, as well as their respective owners and/or principals, Bing-Yu Hsieh and Victoria Claire Chen (the "Individual Defendants"). (ECF No. 1.) Sturman alleges that he was terminated for filing a "complaint with the [Department of Labor] regarding [HIPR's and Hudson's] failure to compensate him and similarly situated employees for overtime work, not being paid time-and-a-half for overtime hours worked and for [HIPR and Hudson] misclassifying employees as 'independent contractors.'" (*Id.* ¶¶ 43–47.)

The Corporate Defendant filed a Motion to Dismiss contending that Sturman's retaliation claim under the FLSA is precluded by the National Labor Relations Act, 29 U.S.C. § 151, *et seq.* ("NLRA") and must be dismissed for lack of subject matter jurisdiction. (ECF No. 12 ¶ 19.) In the alternative, the Corporate Defendant contends Sturman's claim should be transferred to the United States District Court for the Eastern District of Michigan pursuant to the forum selection clause contained in Sturman's Employment Agreement. (*Id.* ¶ 20.) Sturman admits that he signed the forum selection clause and does not object to the transfer of this case to the United States District Court for the Eastern District of Michigan. (ECF No. 18 at 1.) Therefore, he argues that the Court need not address the NLRA preclusion[2] issue. (*Id.*)

Without leave of the Court, the Corporate Defendant filed a reply in which it asserted that this Court must decide whether it has subject matter jurisdiction *before* deciding whether to transfer venue. (ECF No. 19.) Given the importance of this threshold issue, the Court ordered

---

[2] Frequently addressed as "pre-emption," the "[c]oncepts of preemption and preclusion, although intended to exclude similar kinds of claims, are analytically distinct. Preemption occurs when federal law displaces state law. Preclusion, on the other hand, is where one federal statute supersedes another federal statute." *McCain v. CSX Transp., Inc.*, 708 F. Supp. 2d 494, 501 n.7 (E.D. Pa. 2010); *see also POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 111 (2014) ("[I]n pre-emption cases, the question is whether state law is pre-empted by a federal statute, or in some instances, a federal agency action," whereas preclusion cases analyze "the alleged preclusion of a cause of action under one federal statute by the provisions of another federal statute.")

Sturman to file a sur-reply. (ECF No. 20.) In relevant part, Sturman argued that the Court may transfer the case prior to resolving the issue of subject matter jurisdiction. (ECF No. 21.)

Individual Defendants Bing-Yu Hsieh and Victoria Claire Chen waived service and their responsive pleadings were due on December 27, 2022. (ECF Nos. 24 & 25.) However, no answer or motion was filed by either Individual Defendant, and no extension has been sought. Thus, the Court proceeds to resolve the Corporate Defendant's pending Motion.

B. **Relevant Factual Background**

The Court will briefly recount the factual allegations only as they relate to the Motion for Transfer Venue, because for the reasons set below, the Court will resolve the Motion to Transfer Venue prior to the Motion to Dismiss under Rule 12(b)(1).

Sturman was hired as a Legal Writing Specialist on or about May 31, 2019, and he started working in mid-July 2019. (ECF No. 1 ¶ 13; *see* ECF No. 13-3 (the "Employment Agreement").) Sturman executed the Employment Agreement on May 31, 2019 that sets forth obligations related to his employment (*see* ECF No. 13 at 3) and provides that:

> 11. GOVERNING LAW. This Agreement shall be governed by, interpreted, and construed in accordance with the laws of Michigan with no regard to conflict of any applicable conflict of law principles. The Parties agree that any dispute arising between the parties, including any dispute concerning the interpretation, validity, enforceability, or exercise of any remedies from an alleged breach of the Agreement must be adjudicated in the county where the Company's principal executive office is located at the time of the dispute, or the applicable district or division of a federal court having venue for disputes in that same county and Employee stipulates and agrees to submit to the personal jurisdiction of the Michigan state or federal courts located in the county identified in this paragraph. Employee also waives any claim that the state or federal court located in such county are not a convenient forum or the proper venue for any such suit, action, or proceeding.

(ECF No. 13-3 at 6–7.) Sturman admits that he signed the Employment Agreement and "does not object to the court transferring this case to the United States District Court for the Eastern District of Michigan." (ECF No. 18 at 1.)

### C. Discussion

The Supreme Court has not decided "whether a court may transfer a case without first satisfying itself of its Article III and subject matter jurisdiction." *Producers of Renewables United for Integrity Truth & Transparency v. EPA*, 778 Fed. App'x 1, 4 (D.C. Cir. 2019) (per curiam). However, it has upheld a district court's authority to dismiss certain "nonmerits issues," such as *forum non conveniens*, because such determinations do "'not entail any assumption by the court of substantive law-declaring power.'" *Reading Health Sys. v. Bear Stearns & Co.*, 900 F.3d 87, 95 (3d Cir. 2018) (quoting *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 433 (2007)).

Courts of Appeal that have addressed the issue disagree as to whether a court may transfer venue prior to resolving the issue of subject matter jurisdiction. *Compare Whitaker v. Monroe Staffing Services, LLC*, 42 F.4th 200, 208 (4th Cir. 2022) ("the district court should have assured itself of [subject matter] jurisdiction before interpreting and applying the forum selection clause") *with In re LimitNone, LLC*, 551 F.3d 572, 576 (7th Cir. 2008) ("the district court was not required to determine its own subject-matter jurisdiction before ordering the case transferred… the Supreme Court has consistently held that 'there is no mandatory "sequencing of jurisdictional issues."'…. Indeed, 'a federal court has leeway "to choose among threshold grounds for denying audience to a case on the merits."'" (internal citations omitted)) *and Producers of Renewables United for Integrity Truth & Transparency v. EPA*, 778 Fed. App'x 1, 4 (D.C. Cir. 2019) (per curiam) (explaining that "'[j]urisdiction is vital only if the court proposes

4

to issue a judgment on the merits,'" and expressing "confiden[ce] that [its] order transferring [part of the case] d[id] not assume the 'law-declaring power' that would require [the court] to first assert jurisdiction." (citations omitted)).

The Third Circuit has recognized that "district courts have 'discretion to address convenience-based venue issues' in the first instance and that they 'should suspend concerns about other threshold issues' while doing so." *Reading Health Sys. v. Bear Stearns & Co.*, 900 F.3d 87 (3d Cir. 2018) (quoting *In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 404 n.8 (3d Cir. 2017)); *see also*, *Aldossari v. Ripp*, 49 F.4th 236, 247–48, n.16 (3d Cir. 2022) (finding that dismissals based on Federal Rule of Civil Procedure 8(a)(1), Federal Rule of Appellate Procedure 43, the Foreign Sovereign Immunities Act of 1976, 15 U.S.C. § 1602 *et seq.*, and personal jurisdiction are all "[d]ismissal short of reaching the merits" that "may be resolved before addressing jurisdiction," which does "no disservice to the limits on our authority as a federal court," because a court "will not 'proceed at all' to an adjudication of the cause" (*Sinochem*, 549 U.S. at 431)); *Liberty Surplus Ins. Corp. v. AXA Ins. Co.*, 788 F. App'x 850, 852 n.4 (3d Cir. 2019) (resolving the forum selection clause dispute and declining to address the issue of personal jurisdiction).

Indeed, "venue disputes involve only a threshold determination 'that the merits should [or should not] be adjudicated elsewhere.'" *Reading*, 900 F.3d at 95 (quoting *Sinochem*, 549 U.S. at 433). Here, there is no dispute over the appropriate venue—Sturman and the Corporate Defendant agree that the United States District Court for the Eastern District of Michigan should hear this case. (ECF Nos. 13, 18, 19, 21.) Where the parties disagree is whether Sturman's FLSA claim is precluded by the NLRA such that no subject matter jurisdiction exists. (ECF

5

Nos. 13, 18, 19, 21.) The position of the Individual Defendants on both these issues is unknown as they have failed to respond to the Complaint.

Where the parties to a suit have "specified the forum in which they will litigate disputes arising from their contract, federal courts must honor the forum-selection clause '[i]n all but the most unusual cases.'" *In re: Howmedica Osteonics Corp.*, 867 F.3d at 397 (quoting *Atlantic Marine Construction Co. v. U.S. Dist. Court*, 571 U.S. 49, 66 (2013)).

In *Howmedica*, the Third Circuit addressed "how forum-selection clauses affect the § 1404(a) transfer analysis where both contracting and non-contracting parties are found in the same case and where the non-contracting parties' private interests run headlong into the presumption of *Atlantic Marine*." 867 F.3d at 403. Because the Individual Defendants' position on the Employment Agreement forum selection clause is unknown, the Court proceeds under the conservative assumption that the Individual Defendants are not parties to the Employment Agreement[3] in applying the four steps from *Howmedica*.[4]

In step one, the Court "assumes that *Atlantic Marine* applies to parties who agreed to forum-selection clauses and that, "[i]n all but the most unusual cases," claims concerning those parties should be litigated in the for a designated by the clauses." *In re: Howmedica Osteonics Corp.*, 867 F.3d at 404 (quoting *Atl. Marine*, 571 U.S. at 66).

---

[3] This assumption may be overly conservative given the fact that the Corporate Defendant acknowledges that "the issues raised in this Motion apply equally to the claim as asserted against the Individual Defendants." (ECF No. 13 at 6 n.7.)

[4] The Corporate Defendant attempts to distinguish *Howmedica* by arguing that the Third Circuit's analysis (addressing transfer issues before other threshold issues (such as subject matter jurisdiction)) was "related to its analysis of the interests of non-parties to a forum selection clause in considering a change in venue." (ECF No. 19 at 5). However, the Court finds that *Howmedica* provides the most appropriate framework given that the Court does not have sufficient information to determine whether Individual Defendants were parties to the forum selection clause at issue.

Here, all known contracting parties[5] agree that the Eastern District of Michigan is the appropriate forum under the Employment Agreement. The Corporate Defendant admits that "there are no such extraordinary circumstances here, and the valid forum selection clause in Plaintiff's Employment Agreement requires transfer of this case to the U.S. District Court for the Eastern District of Michigan." (ECF No. 13 at 11.)

In step two, the Court "performs an independent analysis of private and public interests relevant to non-contracting parties, just as when adjudicating a § 1404(a) transfer motion involving those parties in the absence of any forum-selection clauses." *In re: Howmedica Osteonics Corp.*, 867 F.3d at 402.

The private interests relate to "the convenience of the parties and witnesses," *see* 28 U.S.C. § 1404(a), including "plaintiff's forum preference as manifested in the original choice"; "the defendant's preference"; "whether the claim arose elsewhere"; "the convenience of the parties as indicated by their relative physical and financial condition"; "the convenience of the witnesses"; and "the location of books and records," as well as "all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re: Howmedica Osteonics Corp.*, 867 F.3d at 402 (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) and *Atl. Marine*, 571 U.S. at 62 & n.6).

The public interests are not necessarily tied to the parties, but instead derive from "the interest of justice," *see* 28 U.S.C. § 1404(a), including "the enforceability of the judgment"; "the relative administrative difficulty in the two fora resulting from court congestion"; "the local interest in deciding local controversies at home"; "the public policies of the fora"; and "the

---

[5] Although the Employment Agreement was only signed by "Hudson Legal" (*see* ECF No. 13-3), the Corporate Defendant does not dispute it is (or its predecessors are) bound by the Employment Agreement. (ECF No. 13 at 10–13.)

familiarity of the trial judge with the applicable state law in diversity cases." *In re: Howmedica Osteonics Corp.*, 867 F.3d at 402 (citing *Jumara*, 55 F.3d at 879–80).

Here, there is no information from the Individual Defendants given their lack of response; however, from a review of the documents in the record, it appears that the balance of the private and public interests favors the Eastern District of Michigan. First, although Sturman worked in the Corporate Defendant's Pittsburgh office prior to working from home due to the COVID-19 pandemic, the Corporate Defendant's human resources department is located in Michigan. (ECF No. 1 ¶ 37). Both the factual allegations in the Complaint and the nature of Sturman's FLSA claims would suggest that "the convenience of the witnesses" and "the location of books and records" would be located with human resources department in Michigan. Further, in this case, the Court gives little weight to "plaintiff's forum preference as manifested in the original choice" in this District in light of his unequivocal acknowledgement that this case should be transferred to the Eastern District of Michigan. (*See* ECF No. 18.) Additionally, although the Individual Defendants reside in different states (Washington and California), which may suggest a preference or convenience elsewhere for them, Sturman's claim against the Individual Defendants relates to their specific status as owners/principals of the Corporate Defendant (or one of its predecessor entities) (ECF No. 1 ¶¶ 9–10), and the Corporate Defendant admits that its principal executive office is in Ann Arbor, Michigan. (ECF No. 13 at 12 (citing ECF No. 13-9).) Finally, there does not appear to be any public interest in retaining the case in this District instead of the Eastern District of Michigan. This is not a diversity case in which "the familiarity of the trial judge with the applicable state law" is particularly relevant, and there does not appear to be any "local interest in deciding local controversies at home" or any public policy issue that weighs in favor of this District as opposed to the Eastern District of Michigan. *Id.* at 402.

The fact that subject-matter jurisdiction remains as an issue does not affect this Court's analysis, because the Third Circuit has instructed that, when the Court exercises its discretion to address convenience-based venue issues first, it "should suspend concerns about other threshold issues such as subject-matter jurisdiction, personal jurisdiction…" with respect to steps one and two. *In re: Howmedica Osteonics Corp.*, 867 F.3d at 404 n.8.[6]

Because both steps one and two point to the Eastern District of Michigan as the appropriate forum, the transfer analysis stops there. *See id.* at 404. Thus, it is respectfully recommended that the Motion for Transfer Venue to the Eastern District of Michigan be granted and the Motion to Dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) be denied without prejudice.

### D. Conclusion

For these reasons, it is respectfully recommended that the Corporate Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(1), or, Alternatively to Transfer Venue Pursuant to 28 U.S.C. §1404 (ECF No. 12) be granted in part, such that Sturman's claim be transferred to the United States District Court for the Eastern District of Michigan and denied in part without prejudice, such that the issue of subject matter jurisdiction may be raised in the United States District Court for the Eastern District of Michigan.

### E. Notice

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed. R. Civ. P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service of this Report and Recommendation to file written objections thereto. Any party opposing the objections shall have

---

[6] The Corporate Defendant also asserts that "Court lacks personal jurisdiction over the Individual Defendants." (ECF No. 13 at 6 n.7.) The Court need not address this issue (which has not been raised by the Individual Defendants), because *Howmedica* allows the convenience-based venue issue to be addressed before the issue of personal jurisdiction. *In re: Howmedica Osteonics Corp.*, 867 F.3d at 404 n.8.

9

fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F. 3d 187, 193 n.7 (3d Cir. 2011).

Dated: January 6, 2023                          s/ Patricia L Dodge
                                                                       PATRICIA L. DODGE
                                                                       United States Magistrate Judge